## GUARANTEE ABSTRACT & INSURANCE CO. v. MOORE.

No. 21606.   Nov. 14, 1933.

Simons, McKnight, Simons & Mitchell, for plaintiff in error.

C. G. Moore, for defendant in error.

RILEY, C. J. This is an action commenced by defendant in error, herein referred to as plaintiff, to recover an alleged balance due him under certain contracts of employment with defendant. He alleged, in substance, that he had worked for defendant from January 1, 1927, to April 1, 1927, under an oral contract providing for a salary of $50 per week and 50 per cent. of the net earnings of defendant corporation on the insurance branch of its business, and that on April 1, 1927, a new oral agreement was entered into by which he was to receive $50

per week and 7½ per cent. of the net commissions of the insurance department of defendant's business, and with the further provision that the contract of employment could be terminated by either party only by giving the other 30 days' notice in writing. He pleaded that he was discharged on April 16. 1927, without the 30 days' notice. He claimed for commissions for the period from January 1st to March 31st, the sum of $397.44; for salary at $50 per week from April 16th to May 18th, $200; commissions for April, $55, and commissions from May 1st to May 18th, $25, making a total of $677.44, with a credit allowed of $77.64, leaving a total sued for of $599.79.

Defendant answered by a general denial, but admitted that plaintiff worked for it from January 1, 1927, to April 16, 1927, except a part of February and March, but alleged, in substance, that from January 1st to 15th, plaintiff was working on a contract which called for a flat salary of $150 per month; that from January 15th to about February 21st, he was working under an oral contract providing for a salary of $50 per week and 50 per cent. of the net profits made from the insurance department of defendant's business; that from about February 21st to about the middle of March. 1927, plaintiff did not work for defendant; that about the latter date a new oral agreement became effective by which plaintiff was to receive a salary of $50 per week and 7½ per cent. of the net commissions derived from the sale of insurance policies, and that nothing whatever was said about either party being entitled to 30 days' notice to terminate the employment, and that plaintiff voluntarily quit on April 16, 1927. It admitted that there was due plaintiff under said contract as a part of his share of the commissions earned, the sum of $67.29, which sum it tendered into court.

The cause was tried to a jury, resulting in a verdict for plaintiff in the sum of $319.79. Judgment was entered accordingly, and defendant appeals.

The petition in error contains nine specifications of alleged error, but in the brief there is but one question presented, viz., the sufficiency of the evidence to sustain the verdict. Upon this question the record shows a clear conflict in the evidence. There is no controversy as to the weekly salary having been paid from January 1, 1927, to April 16, 1927. Both parties agree that it had been paid. The conflict in the evidence is as to the terms of the several contracts of employ-

ment and as to some of the items claimed. If plaintiff's testimony is to be believed in whole, he was entitled to recover at least as much as the jury allowed him. If defendant is to be believed in whole, plaintiff was entitled to recover no more than the amount admitted by defendant in its answer to be due him.

It is the province of the jury to settle these disputed questions of fact, and where there is any evidence reasonably tending to support a verdict, the same will not be disturbed upon appeal. The record discloses evidence reasonably tending to support the verdict in the amount awarded, and the judgment is therefore affirmed.

SWINDALL, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS and WELCH, JJ., absent.